UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM TODD SEYLER

    Plaintiff,                                   Case No.

v.

HIGGINS AG, LLC,                      JURY TRIAL DEMANDED
a Florida Limited Liability Company,
BRENT HIGGINS, and MARIANNE
HIGGINS, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff William Todd Seyler ("Mr. Seyler" or "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants Higgins AG, LLC ("Higgins AG"), Brent Higgins ("Mr. Higgins"), and Marianne Higgins ("Ms. Higgins") (collectively "Defendants") and in support thereof states the following:

## NATURE OF THE SUIT

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, back wages, compensatory damages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a Florida resident who was employed by Defendant in Manatee County, Florida.

3. Defendant, Higgins AG is a Florida Limited Liability Company with its principal place of business located at 3010 C.R. 675, Bradenton, Florida 34219.

4. Higgins AG may be served with process through its Registered Agent, Marianne Higgins at 3101 Riverwoods Drive, Parrish, Florida 34219.

5. Brent Higgins and Marianna Higgins are the owners/officers and managers of Higgins AG. As owners/officers of Higgins AG, Defendants Brent Higgins and Marianna Higgins are the employers of Plaintiff.

6. Jurisdiction and Venue are proper in the Court as the actions giving rise to this lawsuit arise out of Federal law and occurred in Manatee County, Florida.

## FLSA COVERAGE

7. At all times material hereto, Defendants were, and continue to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that has been moved in or produced for commerce and/or has at least $500,000.00 of annual gross volume of sales made of business done.

12. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants in that Defendant could not operate its business without employees like Plaintiff.

## STATEMENT OF FACTS

13. Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately November 1, 2017, through June 1, 2021.

14. Defendants' business includes, but is not limited to, designing, manufacturing, and building metal structures such as commercial and industrial greenhouses.

15. Plaintiff performed manual labor for Defendants such as repairing, demolishing, and building greenhouse structures for Defendant.

16. Throughout Plaintiff's employment with Defendants, Plaintiff was required to work at least six (6) days per week for Defendant with each shift being at least twelve (12) hours in length.

17. Throughout Plaintiff's employment he was also "on-call" throughout the entirety of each day and would often be called in to work additional hours beyond his usual twelve (12) hour shift.

18. Defendants regularly required Plaintiff to work in excess of forty (40) hours per week with Plaintiff's regular schedule being approximately sixty (60) to seventy (70) hours per week.

19. Defendants failed to pay Plaintiff overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

20. To that end, Defendants' management team regularly required Plaintiff as well as other employees to work off the clock hours without accounting for, or compensating Plaintiff and others for same.

21. Plaintiff should have been compensated at a rate of one and one-half times Plaintiff's regular rate of pay for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

22. Defendants violated the FLSA in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

b. No payments of provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per week, as provided by the FLSA; and

c. Defendants failed to maintain proper times records as mandated by the FLSA.

23. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

24. Prior to violating the FLSA, Defendants did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

25. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

26. Based upon the allegations in Paragraphs 22-24 above, Plaintiff is entitled to liquidated damages as Defendants had no objective or good faith belief that its pay practices were in compliance with the FLSA.

27. Throughout Plaintiff's employment with Defendants, he was required to work hundreds of hours of overtime during the relevant time period without being compensated for same.

28. Plaintiff was paid weekly with checks and paystubs that evidence that Plaintiff was paid his regular hourly rate for all hours worked over forty (40) each workweek.

29. Although Plaintiff regularly objected to Defendants' illegal pay practices, Defendants refused to change its policies and practices and continued to violate the FLSA with regard to Plaintiff's and other employee's compensation.

30. As a result of Defendants' ongoing illegal pay practices, Plaintiff had no choice but to resign his position with Defendant.

31. At the time of Plaintiff's resignation, his hourly rate was approximately thirty-eight dollars ($38.00) per hour.

32. Plaintiff has suffered damages as a result of Defendants' illegal pay practices throughout the term of his employment.

33. Plaintiff has retained the undersigned counsel to represent him in this litigation and has agreed to pay the undersigned a reasonable fee for services.

## COUNT I
## VIOLATION OF FLSA – FAILURE TO PAY OVERTIME
## (AS TO ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half time Plaintiff's regular rates of pay for all hours worked in excess of forty (40) hours.

36. Plaintiff was not an exempt employee as defined by the FLSA.

37. During his employment, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

38. At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

39. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and this Court:

(a) Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

(b) Award Plaintiff liquidated damages in amount equal to the overtime award;

(c) Award Plaintiff his reasonable attorneys' fees and costs and expenses of litigation; and

(d) Any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 3rd day of March 2022.

/s/ Mark L. Bonfanti
Mark L. Bonfanti
Florida Bar No. 0010185
mark@destinlawyers.com
Jennifer K. Sniadecki
Florida Bar No. 1010134
jennifer@destinlawyers.com
BONFANTI & SNIADECKI, P.A.
1241 Airport Road, Suite A
Destin, Florida 32541
Telephone: (850) 545-0038
*Attorneys for Plaintiff*